**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KARL SIGANPORIA,<br><br>   Plaintiff,<br><br>v.<br><br>VISWESWARA SHREYAS, et al.,<br><br>   Defendants. | Case No. 5:25-cv-03145-BLF<br><br>**ORDER GRANTING DEFENDANT VISWESWARA SHREYAS'S MOTION TO DISMISS**<br><br>[Re: Dkt. No. 12] |

Plaintiff Karl Siganporia filed this action on April 8, 2025, naming fourteen Defendants. Dkt. No. 1 ("Compl."). Nine Defendants have since been dismissed for failure to effect service of process within the time provided under Federal Rule of Civil Procedure 4(m). Dkt. No. 23. Of the remaining five Defendants, Plaintiff has stipulated with four of them to extend their deadlines to respond to the Complaint. Dkt. Nos. 7, 15, 18.

Before the Court is Defendant Visweswara Shreyas's Motion to Dismiss and Motion for Summary Judgment. Dkt. No. 12 ("Mot."). Plaintiff did not oppose the motion, and no reply was filed. For the following reasons, the Court GRANTS the motion to dismiss and DENIES WITHOUT PREJUDICE the motion for summary judgment.

**I.  BACKGROUND**

For purposes of the motion to dismiss, the following facts alleged in Plaintiff's Complaint are taken as true.

Plaintiff Karl Siganporia is a certified family law specialist. Compl. ¶ 1. In or around December 2024, Plaintiff was representing an individual in divorce proceedings against Defendant Visweswara Shreyas ("Shreyas"). *Id.* ¶ 4. Shreyas is a former employee of Defendant Google LLC and/or Defendant Alphabet Inc. (collectively, "Google") who worked on Google's search engine. *Id.* Shreyas is now employed at Defendant Meta Platforms, Inc. d/b/a Instagram. *Id.*

On December 23, 2024, Shreyas published a petition on Change.org concerning Plaintiff

United States District Court
Northern District of California

and used his access to Google's internal systems to promote the petition so that it appears as the sixth result on the Google search engine when a search is conducted for Plaintiff's name. *Id.* ¶¶ 3, 11. In particular, Shreyas's petition asserted that Plaintiff improperly appointed a court expert—Jeffrey Stegner, a CPA—in the divorce proceedings. *Id.* ¶ 11. However, the expert was jointly selected by both Plaintiff and Shreyas's attorney via stipulation. *Id.* Plaintiff asserts that Defendant Shreyas was aware that statements in the Change.org petition were false, and that he posted them in order to cause emotional distress to Plaintiff. *Id.* ¶ 12. Plaintiff further alleges that Shreyas "conducted at least some of the activities in question on premises and/or equipment belonging to Defendants Alphabet Inc. and Google LLC." *Id.*

Plaintiff filed this lawsuit on April 8, 2025. Dkt. No. 1. In the "Relief [R]equested" section of his Complaint, he appears to assert only a defamation claim against Defendant Shreyas. *Id.* ¶ 15. Construing the Complaint liberally, however, he may also be attempting to assert claims for intentional and/or negligent infliction of emotional distress and for violation of the Computer Fraud and Abuse Act of 1986 ("CFAA") against Defendant Shreyas. *Id.* ¶¶ 11–12. Plaintiff also named as Defendants the following Parties: Meta Platforms Inc., Google LLC, Alphabet Inc., Samira Ghazvini, State Bar of California, California Attorney General Rob Bonta, United States Department of Labor, United States Citizenship and Immigration Services, United States Department of Education, United States Federal Trade Commission, United States Department of Justice, Change.org PBC, and United States Federal Communications Communication [sic]. Nine of those Parties—State Bar of California, California Attorney General Rob Bonta, United States Department of Labor, United States Citizenship and Immigration Services, United States Department of Education, United States Federal Trade Commission, United States Department of Justice, Change.org PBC, and United States Federal Communications Communication [sic]—have been dismissed under Federal Rule of Civil Procedure 4(m). Dkt. No. 23.

**II.   LEGAL STANDARD**

    **A.   Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only adjudicate those cases which the Constitution and

2

1  Congress authorize them to adjudicate: those involving diversity of citizenship or a federal
2  question, or those to which the United States is a party. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500,
3  513 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained
4  in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction,
5  § 1332 for '[d]iversity of citizenship' jurisdiction."); *see also Kelly v. Wengler*, 822 F.3d 1085,
6  1094 (9th Cir. 2016) ("Federal courts are courts of limited subject matter jurisdiction."). The
7  plaintiff bears the burden of establishing subject matter jurisdiction, *Kokkonen*, 511 U.S. at 377,
8  and a defendant may challenge a plaintiff's assertion of subject matter jurisdiction by motion
9  pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court has a continuing
10  obligation to ensure that it has subject matter jurisdiction and must dismiss the case if jurisdiction
11  is lacking. *See* Fed. R. Civ. P. 12(h)(3).

**B. Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**C. Leave to Amend**

In deciding whether to grant leave to amend, the Court must consider the factors set forth

by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### D. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to the nonmoving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006) (Roberts, J., concurring in part) (citing *Schlup v. Delo*, 513 U.S. 298, 332 (1995)). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

### A. Rule 12(b)(1) Motion to Dismiss

Defendant Shreyas first argues that Plaintiff's case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Mot. at 8–9. Plaintiff asserted "federal question" jurisdiction based upon the Immigration and Nationality Act, the Computer Fraud and Abuse Act, and the Fifth Amendment to the United States Constitution. Compl. ¶ 8. However, Defendant Shreyas argues that none of those three statutory or constitutional provisions has any bearing on this case. Mot. at 8–9.

The Court concludes that Plaintiff has failed to carry his burden to establish that the Court has subject matter jurisdiction. Plaintiff's only attempt to state a claim under the Fifth Amendment to the United States Constitution alleges that various failures by a subset of Defendants to properly regulate Google and certain federal immigration visa programs "constitut[es] a regulatory taking under the Fifth Amendment." Compl. ¶ 14. The Defendants identified with regard to that claim are: "United States Department of Labor; United States Citizenship and Immigration Services; United States Department of Education and/or its Successor Department; United States Federal Trade Commission; United States Department of Justice; and the United States Federal Communications Communication [sic]." *Id.* All of those Defendants have been dismissed under Federal Rule of Civil Procedure 4(m). Dkt. No. 23. Accordingly, there cannot be subject matter jurisdiction based upon the Fifth Amendment.

The same is true for Plaintiff's purported assertion of jurisdiction based on the Immigration and Nationality Act. To the extent that Plaintiff attempted to state a claim under that statute, it was asserted only against the same Defendants as was the purported Fifth Amendment claim. *See* Compl. ¶¶ 14, 18. All of those Defendants have been dismissed, so there cannot be subject matter jurisdiction based upon the Immigration and Nationality Act. *See* Dkt. No. 23.

Finally, Plaintiff's Complaint states that there is subject matter jurisdiction based on the Computer Fraud and Abuse Act of 1986 ("CFAA"). It is true that original "federal question" jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "[t]he presence or absence of federal–question jurisdiction is governed by the 'well–pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, although Plaintiff invokes the CFAA in the "subject matter jurisdiction" portion of the Complaint, there is no apparent claim under the CFAA against any Defendant.

Reading his Complaint with the greatest liberality, Plaintiff appears to suggest that Defendant Shreyas improperly exceeded his authorization to access Google systems in order to

5

1  "amplify the[] falsehoods" in the Change.org petition.  *See* Compl. ¶¶ 2–3.  The CFAA does
2  prohibit "a number of different computer crimes, the majority of which involve accessing
3  computers without authorization or in excess of authorization, and then taking specified forbidden
4  actions, ranging from obtaining information to damaging a computer or computer data."  *LVRC*
5  *Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009) (citing 18 U.S.C. § 1030(a)(1)–(7)).
6  It includes a statutory provision creating a right of action "for private persons injured by such
7  crimes": Section 1030(g) of the Act states that "[a]ny person who suffers damage or loss by reason
8  of a violation of this section may maintain a civil action against the violator to obtain
9  compensatory damages and injunctive relief or other equitable relief."  *Id.*; 18 U.S.C. § 1030(g).
10 However, it is not clear to the Court which, if any, of the relevant provisions of the Act Defendant
11 Shreyas is alleged to have violated.  To the extent that Plaintiff did intend to assert such a claim
12 against Shreyas, Plaintiff failed to identify any of the elements of that claim and/or the factual
13 allegations going to each element.  The same is true of the other remaining Defendants.  In fact,
14 there is no mention of the CFAA anywhere in the Complaint other than in paragraph 8, which
15 states simply: "The court has subject matter jurisdiction pursuant to the Immigration and
16 Nationality Act, the Computer Fraud and Abuse Act, and the Fifth Amendment to the United
17 States Constitution insofar as I allege a regulatory taking thereunder."  Compl. ¶ 8.
18         Accordingly, Plaintiff has failed to meet his burden to demonstrate that the Court has
19 subject matter jurisdiction over this action.  The Complaint is DISMISSED under Rule 12(b)(1).
20 Since it is not yet clear that any attempt to amend the Computer Fraud and Abuse Act claim would
21 be futile, and since no other *Foman* factor weighs against permitting amendment at this early stage
22 of the proceedings, the Court will give leave to amend the CFAA claim.  However, if Plaintiff is
23 unable to plead a viable federal claim in any amended complaint that he may file, the case will be
24 dismissed for lack of subject matter jurisdiction without further leave to amend.
25         **B.  Rule 12(b)(6) Motion to Dismiss**
26         As an alternative to his Rule 12(b)(1) argument, Defendant Shreyas argues that all of
27 Plaintiff's claims against him must be dismissed for failure to state a claim on which relief can be
28 granted, because Plaintiff failed to plead the *prima facie* elements of his state law claims and

failed to support them with factual allegations. Mot. at 10. Shreyas also argues that Plaintiff's Complaint should be stricken because it is generally non-sensical. *Id.* at 11.

The Court agrees that Plaintiff's Complaint is poorly pleaded and difficult to parse. As guidance in case Plaintiff files an amended complaint, the Court notes that Plaintiff's defamation and emotional distress claims, as currently pled, would fail to clear the bar under Rule 12(b)(6). The elements of a California defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Sanchez v. Bezos*, 80 Cal. App. 5th 750, 763 (2022) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)). Here, Plaintiff has identified a publication that has been "communicat[ed] to some third person," *id.* (quoting *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999)): the Change.org petition, *see* Compl. ¶¶ 11–12, which was made available to the public at large. Plaintiff also appears to suggest that there are two falsehoods implicit in the Change.org petition, including (1) that Plaintiff had a "conflict of interest" in appointing Jeff Stegner, a CPA employed with Bridge Forensic CPAs, as an expert in the divorce proceedings, and (2) that Plaintiff was somehow responsible for various alleged performance issues by Bridge Forensic CPAs during the divorce proceedings. *See id.* ¶ 12.

However, Plaintiff does *not* specifically identify the false statements at issue. Instead, he speaks in conclusory generalizations—saying that Defendant Shreyas "caused to be published . . . a defamatory petition making entirely false accusations," *id.* ¶ 2, that Shreyas posted "defamatory content that he knew to be false," of which the most crucial assertion was that Plaintiff "appointed the Court's expert," *id.* ¶ 11, and that Shreyas was implying through the petition that "Jeff Stegner and/or Bridge Forensics failed in all of these ways and Karl Siganporia appointed him," *id.* ¶ 12. The Court need not accept conclusory allegations or unreasonable inferences. *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Instead, it is Plaintiff's obligation to clearly identify the specific statements in the petition that are alleged to be false. Moreover, "[w]here the words or other matters which are the subject of a defamation action are of ambiguous meaning, or innocent on their face and defamatory only in the light of extrinsic circumstances, the plaintiff must plead and prove that as used, the words had a particular meaning, or 'innuendo,'

7

1    which makes them defamatory." *Maldonado*, 72 Cal. App. 4th at 645.

2        That said, there is no indication that the statements in the Change.org petition would be protected by any privilege, and, if Plaintiff can establish that the Change.org petition contains the specific falsehoods indicated, then such statements do appear to be calculated to "expose[] [Plaintiff] to contempt or ridicule or . . . other reputational injuries." *See Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259–60 (2017), *as modified* (Apr. 19, 2017).

    Regarding Plaintiff's emotional distress claims: in California, "negligent causing of emotional distress is not an independent tort but the tort of negligence." *Eriksson v. Nunnink*, 233 Cal. App. 4th 708, 729 (2015). Thus, "[t]he traditional elements of duty, breach of duty, causation, and damages apply." *Id.* (quoting *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989)). "The elements of a cause of action for IIED are as follows: (1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a result, plaintiff suffered extreme or severe emotional distress." *Berry v. Frazier*, 90 Cal. App. 5th 1258, 1273 (2023), *as modified on denial of reh'g* (May 15, 2023), *rev. denied* (Aug. 9, 2023) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)); *accord Sams v. Cnty. of Riverside*, No. EDCV 17-1848, 2018 WL 1474333, at *10 (C.D. Cal. Mar. 26, 2018) ("The elements of a prima facie case for the tort of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." (citing *Melorich Builders, Inc. v. Superior Court*, 160 Cal. App. 3d 931, 935 (1984))).

    There are flaws in Plaintiff's present pleading of both emotional distress claims. For the negligent infliction of emotional distress claim, Plaintiff has failed to plead a duty or a breach of that duty on Defendant Shreyas's part. *See* Compl. ¶ 15. And for the intentional infliction of emotional distress claim, Plaintiff has failed to identify "conduct so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

8

in a civilized community." *Sams*, 2018 WL 1474333, at *10 (quoting *Coleman v. Republic Indem. Ins. Co.*, 132 Cal. App. 4th 403, 416 (2005)).  Under California law, "it is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852 (9th Cir. 2004) (citing *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998)).  Plaintiff must be able to show something more to state a claim for IIED.

### C. Motion for Summary Judgment

Because the Court has dismissed Plaintiff's Complaint for lack of subject matter jurisdiction, Defendant Shreyas's motion for summary judgment is DENIED WITHOUT PREJUDICE to a further motion for summary judgment should Plaintiff file a viable amended complaint.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint on or before August 27, 2025.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a final dismissal of Plaintiff's suit.

Plaintiff may not add parties or claims without the express approval of the Court or stipulation of all Parties.  In addition, any amended complaint should reflect the fact that nine of Plaintiff's original Defendants—and the claims asserted against those Defendants—have been dismissed and may not be amended.

**IT IS SO ORDERED.**

Dated:  August 6, 2025

BETH LABSON FREEMAN
United States District Judge