**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KARL SIGANPORIA,<br><br>        Plaintiff,<br><br>v.<br><br>VISWESWARA SHREYAS, et al.,<br><br>        Defendants. | Case No. 25-cv-03145-BLF<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO REPLEAD CLAIMS AGAINST FEDERAL AND STATE GOVERNMENT DEFENDANTS AND FOR OPPORTUNITY TO EFFECTUATE SERVICE THEREOF; AND FOR EXTENSION OF TIME TO AMEND COMPLAINT**<br><br>[Re: ECF No. 26] |

Before the Court is Plaintiff Karl Siganporia's Motion for Leave to Replead Claims Against Federal and State Government Defendants and for Opportunity to Effectuate Service Thereof; and for Extension of Time to Amend Complaint. ECF. No. 26.

**I.    DISCUSSION**

    **A.    Procedural History**

On April 8, 2025, Plaintiff filed the Complaint in this case. ECF No. 1. Under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"), Plaintiff had 90 days from the date the Complaint was filed to serve the Defendants. But by July 9, 2025, Plaintiff had failed to file proof of service for Defendants State Bar of California, California Attorney General Rob Bonta, United States Department of Labor, United States Citizenship and Immigration Services, United States Department of Education, United States Federal Trade Commission, United States Department of Justice, Change.org PBC, or United States Federal Communications Communication [sic].

Absent a showing of good cause, if a defendant is not served within 90 days after the complaint is filed, the Court *must* dismiss the action without prejudice against that defendant or

order that service be made within a specified time. Fed. R. Civ. P. 4(m). On July 9, 2025, the Court therefore ordered Plaintiff to show cause in writing by July 23, 2025 as to why these Defendants should not be dismissed under Rule 4(m). ECF. No. 19. But Plaintiff did not respond to the Court's Order. So on July 24, 2025 the Court dismissed the Complaint *without prejudice* as to these Defendants for lack of service as it was required to do. ECF No. 23.

Separately, on May 2, 2025, Defendant Visweswara Shreyas filed a Motion to Dismiss. ECF No. 12. Although Plaintiff could have opposed that motion, no response was submitted. On August 6, 2025, the Court granted the Motion to Dismiss with leave to amend. ECF No. 25. The Court noted that "Plaintiff may file an amended complaint on or before August 27, 2025," explaining that "[f]ailure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a final dismissal of Plaintiff's suit." *Id.* at 9.

Plaintiff failed to comply with the Court's Order and did not file an amended complaint by the deadline. On August 28, 2025, *after the deadline to file an amended complaint*, Plaintiff filed the motion that is now before the Court. ECF No. 26.

**B.   Discussion**

Plaintiff first argues that "[t]he last sentence of the court's August 6 order…appears to be an impermissible implicit dismissal with prejudice of the federal government defendants." *Id.* at 2. As a threshold matter, the Court notes that its Order Dismissing Complaint as to Certain Defendants for Lack of Service was issued July 24, 2025. ECF No. 23. To the extent Plaintiff argues that the Court's Order "runs afoul" of the requirement that the Court dismiss the Defendants "without prejudice," the Court refers Plaintiff to the Order, which, as required by Rule 4(m), dismissed the Defendants without prejudice. ECF No. 23. Although not raised by Plaintiff, Federal Rule of Civil Procedure 4(i)(4) requires the Court to allow a party a reasonable time to cure its failure to serve the United States. Accordingly, the Court will grant an extension to effectuate service as to the Defendants dismissed in ECF No. 23.

Plaintiff argues in the alternative that the Complaint should be dismissed without prejudice. ECF No. 26 at 2. The Court refers Plaintiff to ECF No. 25, which granted the Motion to Dismiss without prejudice. ECF No. 25 at 9. Although the deadline for Plaintiff to amend his

Complaint has lapsed and Plaintiff offers no explanation, the Court will grant an extension.

## II. ORDER

1. The Court GRANTS Plaintiff 14 days from the date of this Order to effectuate service on State Bar of California, California Attorney General Rob Bonta, United States Department of Labor, United States Citizenship and Immigration Services, United States Department of Education, United States Federal Trade Commission, United States Department of Justice, Change.org PBC, and United States Federal Communications Communication [sic].  Proof of service must be submitted by **September 12, 2025**.  Failure to do so will result in dismissal of those Defendants without further notice by the Court.

2. Although Plaintiff missed his deadline to amend his Complaint, the Court GRANTS Plaintiff 14 days from the date of this Order to amend.  Plaintiff may file an amended complaint on or before **September 12, 2025**.  Any amended pleading shall address the deficiencies noted in the prior Order and Plaintiff may not add parties or claims without further order of the Court.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in ECF No. 25 will result in a final dismissal of Plaintiff's suit.

3. The Court notes that it is clear from the face of Plaintiff's Motion that Plaintiff has not been reading this Court's Orders.  ECF No. 26.  The Court DIRECTS Plaintiff to thoroughly read Orders before submitting motions.

4. The Court ADVISES Plaintiff that no other extensions to the Court's deadlines will be granted.

**IT IS SO ORDERED.**

Dated:  August 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3